NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESUS TORRES,<br><br>　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>SAN FRANCISCO HUMAN SERVICES AGENCY; TRENT RHORER, Executive Director of HSA, in his official capacity,<br><br>　　　　　Defendants-Appellees. | No. 19-17583<br><br>D.C. No. 4:18-cv-07415-KAW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Kandis A. Westmore, Magistrate Judge, Presiding[**]

Submitted December 14, 2021[***]

Before:　　WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

Jesus Torres appeals from the district court's judgment dismissing his 42

U.S.C. § 1983 action alleging a violation of the Fourteenth Amendment in

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

connection with the discontinuation of his public benefits. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a district court's decision to dismiss without leave to amend. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). We affirm.

The district court did not abuse its discretion in dismissing Torres's action without further leave to amend because amendment would be futile. *See id.* (dismissal without leave to amend is proper when amendment would be futile); *see also Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (due process requires notice and an opportunity to be heard); *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (explaining that a district court's discretion to deny leave to amend is "particularly broad" when it has previously granted leave to amend).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**